**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4722

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEORGE C. COOKE,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Chief District Judge.  (CR-04-13)

Argued:  May 27, 2005                    Decided:  June 23, 2005

Before WILKINS, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Jonathan David Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Joshua Clarke Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.  **ON BRIEF:** Mary Lou Newberger, Federal Public Defender, Megan J. Schueler, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

George C. Cooke appeals a sentence imposed by the district court following his guilty plea to one count of possession of an unregistered shotgun with a barrel shorter than 18 inches. See 26 U.S.C.A. § 5861(d) (West 2002). Finding no error, we affirm.

## I.

At his sentencing hearing, Cooke argued unsuccessfully that the federal sentencing guidelines were unconstitutional under Blakely v. Washington, 124 S. Ct. 2531 (2004), and that imposition of a sentence under the guidelines would violate his Sixth Amendment rights. The district court calculated Cooke's Offense Level to be 21, based in part on a finding that Cooke had been convicted of a drug felony prior to committing the present offense, see United States Sentencing Guidelines Manual § 2K2.1(a)(3) (2003). The court also calculated his Criminal History Category to be IV, yielding a prescribed guideline range of 57-71 months. Utilizing this range, the district court imposed a 66-month prison term to be followed by three years of supervised release. Pursuant to our recommendation in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (en banc), vacated and remanded, 125 S. Ct. 1051 (2005), the district court also announced an alternative sentence-- treating the guidelines as advisory rather than mandatory--of 72 months imprisonment to be followed by three years of supervised

2

release.  Cooke objected to the announcement of an alternative sentence.

## II.

Cooke argues that his 66-month sentence ran afoul of <u>Blakely</u> and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), because it exceeded the maximum authorized by the facts admitted pursuant to his guilty plea.  Specifically, he challenges the increases in his guideline range based on the findings of the district court that he had a prior felony conviction for a controlled substance offense and that he had a Criminal History Category of IV.

The constitutional rule applicable to Cooke's claims was expressed in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The prior-conviction exception in this rule is based on the pre-<u>Apprendi</u> decision of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).  While the Court in <u>Apprendi</u> questioned the correctness of <u>Almendarez-Torres</u>, it did not overrule the decision, <u>see</u> <u>Apprendi</u>, 530 U.S. at 489-90, nor has it done so since.

The district court ruled that its findings regarding Cooke's past offenses fell within the prior-conviction exception and therefore did not violate the <u>Apprendi</u> rule.  Cooke does not argue that those findings fall outside the prior-conviction exception.

3

Cf. United States v. Washington, 404 F.3d 834, 842 (4th Cir. 2005) (finding plain and prejudicial error when "the sentencing court relied on facts outside of the prior indictment and resolved a disputed fact 'about a prior conviction'" (quoting Shepard v. United States, 125 S. Ct. 1254, 1262 (2005) (plurality opinion))). Rather, he maintains that the exception no longer exists because Almendarez-Torres is no longer good law. We disagree.

Regardless of whether we believe that the overruling of Almendarez-Torres may be imminent, see Shepard, 125 S. Ct. at 1264 (Thomas, J., concurring in part and concurring in the judgment) ("Almendarez-Torres ... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided."), until such overruling occurs, we must follow the decision, see Agostini v. Felton, 521 U.S. 203, 237 (1997) (reserving "prerogative of overruling its own decisions" even if ruling "appears to rest on reasons rejected in some other line of decisions" (internal quotation marks omitted)); West v. Anne Arundel County, 137 F.3d 752, 757 (4th Cir. 1998) ("Our task ... is not to predict what the Supreme Court might do but rather to follow what it has done."). We therefore reject Cooke's claim.

## III.

Cooke also maintains that the district court lacked statutory authority to impose a term of supervised release because Blakely

4

rendered the Sentencing Reform Act invalid in its entirety. We disagree.

The Supreme Court held in <u>Booker</u> that the only provisions of the Act rendered invalid by <u>Blakely</u> were those provisions that mandated sentencing and appellate review in conformance with the guidelines. <u>See</u> <u>Booker</u>, 125 S. Ct. at 764 (severing and excising 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) and declaring that "[w]ith these two sections excised ... the remainder of the Act satisfies the Court's constitutional requirements"). The provisions of the Act authorizing the imposition of supervised release terms remained intact.

IV.

Cooke finally argues that the district court violated his Fifth and Sixth Amendment rights by announcing an alternative sentence pursuant to our recommendation in <u>Hammoud</u>.

Because Cooke has not been ordered to serve the alternative 72-month sentence, any claim he may have on appeal with regard to that sentence is not yet ripe. In any event, even were we to determine that the district court erred in announcing an alternative sentence pursuant to our recommendation in <u>Hammoud</u>, that error would be harmless in light of our affirmance of the 66-month sentence actually imposed.

5

V.

In sum, for the foregoing reasons, Cooke's sentence is affirmed.

AFFIRMED